### MRS. S. E. GIBBS ET AL. v. J. G. ASHFORD ET AL.

#### Decided January 28, 1902.

**1.—Streets—Dedication—Acceptance.**

See evidence held to show the dedication of a street to public use and an acceptance thereof by virtue of the city council's action in adopting as official a map showing such street.

**2.—Same—Mandamus—Parties.**

In an action by abutting property owners to have obstacles removed from a street and to compel the city council by mandamus to open it, other persons who are occupying the street under contract with the council are necessary parties.

Error from Walker. Tried below before Hon. J. M. Smither.

*Hume & Hume* and *Ball, Dean & Humphrey,* for plaintiffs in error.

*Hutcheson, Campbell & Hutcheson,* for defendants in error.

PLEASANTS, ASSOCIATE JUSTICE.—Plaintiffs in error brought suit in the District Court of Walker County for themselves and for the benefit of the public for mandamus to compel the defendants in error, the mayor and board of aldermen of the city of Huntsville, in said county, to open an alleged street in said city known as Tyler street, and to remove the obstruction from a portion of said street described in the petition. The allegations of the petition, except in the matters hereinafter discussed, are sufficient to entitle plaintiffs to the relief prayer for, and it is unnecessary to set them out at length.

The defendants' answer contained general and special exceptions to

·the petition, and denied knowledge of the dedication, by anyone having authority, of the locus in quo as a street or its acceptance as such by the municipal authority of Huntsville; affirmed that said property had been held and used by the city for twenty-five years as ordinary property, not as a street; that same was unfit for use as a street and could only be made suitable for such use by a large expenditure of money, and that in their official judgment it' was not necessary to open said street.   Said answer further avers in substance that if said property described in plaintiffs' petition was ever a street of said city the city council had in the exercise of their discretion changed and altered the location of same twenty-five years ago, and that said street was now·located at a different place from that described in the petition.

On the trial in the court below all exceptions were overruled, and upon a hearing of the case on the merits judgment was rendered for the defendants and plaintiffs' suit dismissed.

. The city of Huntsville is incorporated under the general municipal incorporation law of this State and the defendants were the duly elected and qualified mayor and board of aldermen, and as such constituted the city council of said city.   Huntsville was laid off in blocks and lots and streets more than fifty years ago, but no map of said city has ever been recorded in the deed records of Walker County.   An old map introduced in evidence by plaintiffs and shown to be more than fifty years old shows Tyler street to be located as claimed by plaintiffs.   This may has been referred to in deeds conveying property in said city for more than half a century, and a copy of this map was adopted by the city council in 1895 as the official map of said city and filed with the county clerk, but not being properly authenticated was never recorded.

Tyler street as shown upon this map extends east and west through said city and crosses Main, Burton, and Travis streets, which run north and south.   West of Main street and to the city limits Tyler street has been used as a public street for many years and has been kept in repair by the city council.   East of Main street Tyler street has never been worked or repaired by the city authorities and has never been used to any considerable extent as a highway either for vehicles or persons on foot, and between Burton and Travis streets the State of Texas has inclosed said street as a part of the penitentiary grounds, and it is ad-mitted had acquired title to same prior to the institution of this suit. The depot of the International & Great Northern Railroad Company is situated about the center of the block south of Tyler street and between Main and Burton streets, and there is a street or roadway leaving Tyler street at its intersection with Main and running diagonally across the railroad block past the depot and terminating in Burton street.   This roadway has been used by the public as a street for a number of years, ·and has been recognized as such by the city authorities and been kept in repair by the city.   No order of the city council altering or changing Tyler street is shown·to have been made.   The appellants own property fronting on the north side of Tyler street between the peniten-

tiary inclosure and Main street. The deeds to this property call for Tyler street.

Several parties are in possession of portions of Tyler street between the penitentiary inclosure and Main street, and have placed obstructions thereon consisting of fences, stables, a cotton platform, and a lumber yard. These obstructions prevent the use of the street as a public thoroughfare and cut off appellant's means of egress and ingress to their property. Some of these obstructions have been in the street since 1880. In 1887 the mayor of the city required the parties then in possession to attorn to the city and pay a nominal rent for the use of the street. This custom has been continued by the city authorities, and the parties now in possession pay rent to the city. At its intersection with Burton street Tyler street is crossed by a large gully and there are arms of this gully extending into Tyler west of Burton, and it would cost a considerable sum to place this portion of the street in good condition for use by vehicles. Prior to the bringing of this suit appellants made application to the city council to open Tyler street from Main to Travis and have all obstructions removed therefrom. This application was refused by the council on the ground that in its judgment it would be impracticable, unnecessary and a useless expense to open said street. The amended petition on which the case was tried only asked for mandamus to compel the opening of the street between Main and the penitentiary inclosure and the removal of the obstructions from that portion of said street. This petition alleges that various private parties are in possession of the portion of the street sought to be opened and own the fences, buildings, and structures which are asked to be removed, but said petition does not make the persons so alleged to be in possession of said street parties of this suit.

Without considering the various assignments of error in detail we are of the opinion that the conclusion of the trial court that Tyler street had never been dedicated as such by the original owner of the land and had never been accepted by the city in such manner as to fix its status as a public street of the city of Huntsville, finds no support in the evidence and can not be sustained.

It is true no formal dedication or acceptance is shown by the evidence, but the evidence does show that ever since the city was first laid out Tyler street has been known and recognized by the public and by the city authorities as one of the public streets of the city. As far back as 1848 we find the original grantee of the land on which the city of Huntsville is situated recognizing Tyler street as claimed by the appellants by calling for same in conveyances made by him. The city authorities in asserting the right to demand rent for the use of the property made no claim to any right in same except by virtue of its status as a public street of the city, and the minutes of the council show that it has always been dealt with as such, and the adoption by the council of the map showing Tyler street as claimed by the appellants, as the official map of the city, was an affirmative recognition by the city of the

status of the street as claimed by the appellants. Our conclusion is that the evidence establishes beyond question that Tyler street as claimed by appellants is a public street of the city of Huntsville.

We are further of the opinion that the evidence fails to show that the city council ever exercised or attempted to exercise its right to change or alter said street.

Such being our conclusion of fact, it follows that the city council had no authority to lease said property or to consent to its use for any other purpose than that of a public highway, and mandamus would lie to compel the council to perform its plain statutory duty and remove obstructions placed or maintained in the street by it or under its authority, if the petition had made the parties in possession of the street and claiming rights therein parties to the suit. It seems to be well settled that a petition for mandamus is insufficient if it fails to make all persons asserting any claim in the subject matter of the suit parties to the suit, and this is true even though the petition alleges that the adverse claim is void. In the case of Tabor v. Commissioners, 29 Texas, 546, the Supreme Court say: "If there were no other objection to the application for the writ of mandamus in this case, the fact that there are other claimants to the land who are not parties to the proceedings would furnish ground for refusing it. The averment that their claims are void will not relieve the matter of the difficulty, for this court will not undertake to adjudicate their claims, whether void or not, when the claimants are not parties to the suit."

It is true the petition in this case alleges that the parties in possession of the street only claim rights therein under a void contract with the city council, and the evidence in the case seems to sustain this allegation, but as said Judge Smith in the quotation above made, we can not adjudicate the claim of persons who are not parties to the suit. The petition shows that several private parties are in possession of the property and asserting a claim thereto, and upon purely ex parte allegations and testimony as to what the claim of such parties is we can not adjudicate their claim nor order the city council to disturb their possession without giving them their day in court. Commissioner v. Smith, 5 Texas, 471; Chappel v. Rogan, 62 S. W. Rep., 539.

Appellee by cross-assignment of error complains of the action of the trial court in not sustaining a general demurrer to the petition on the ground that all the parties interested in the subject matter were not parties to the suit. This assignment we think should be sustained, and while we do not concur in the conclusions of law and fact found by the trial court a correct result was reached in ordering the cause dismissed, and the judgment be affirmed.

                                                        *Affirmed.*

Writ of error refused.