## E. Pullman et al. v. City of Houston et al.

### Decided January 28, 1910.

**1.—Streets—Dedication—Evidence—Maps and Deeds.**

The existence and record for more than sixty years of maps of a city which during that time were generally recognized as correct maps of the city as it was originally laid out, and the fact that the successors in title of the original owner of the land on which the city is situated have during that time recognized and referred to said maps and the streets thereon shown in the sale and conveyance of lots and blocks in said city, are sufficient to sustain a conclusion that the streets shown on the map had been irrevocably dedicated to the public by the original owner of the land, although there was no direct evidence to that effect.

**2.—Same—Acceptance by City not Necessary.**

When, by reason of the sale of lots and blocks by reference to the map of a city, the right is vested in the purchasers to have the streets shown thereon, opened, an acceptance by the city authorities is not necessary to complete the dedication.

**3.—Practice—Conflicting Testimony—Question for Jury.**

The mere fact that the testimony of witnesses upon an issue is conflicting and appears to preponderate in favor of one side will not authorize the trial court to take the case from the jury.

**4.—Homestead—Conveyance by Husband—Effect.**

If the husband conveys the homestead by a deed in which the wife does not join, such deed conveys the title to the property as against all other persons except the wife and those claiming under her. Such deed is void only in so far as the homestead rights of the wife is concerned, and subsequent acquisition by her of another homestead would estop her from asserting any right in the one sold by the husband.

Appeal from the District Court of Harris County. Tried below before Hon. W. P. Hamblen.

*A. C. Van Velzer*, for appellant and *Fisher & Sears*, of counsel.— Where there is a conflict in testimony of facts material to plaintiff's case, or where different conclusions may be drawn from such testimony, or where defendant has given some testimony which tends to prove a defense, it is error for the court to direct a verdict. Rogers v. Broadnax, 24 Texas, 542; Supreme Council of A. L. of H. v. Anderson, 61 Texas, 300.

The court erred in failing to submit to the jury the question whether or not the property in controversy was a street or had ever been dedicated or accepted or used as a street. Newberger v. Heintze, 3 Texas Civ. App., 259; Dittman v. Weiss, 31 S. W., 67; Ellis v. Rosenberg, 29 S. W., 519; Fitzgerald v. Hart, 17 S. W., 369.

To constitute ground a public road, the owner's offer to dedicate must be formally accepted by the public authorities, if there is no implied acceptance from long use. Albert v. Gulf, C. & S. F. Ry. Co., 2 Texas Civ. App., 664; Missouri Pac. Ry. Co. v. Lee, 70 Texas, 496;; San Antonio v. Sullivan, 4 Texas Civ. App., 451; Jefferson Co. v. Plummer, 53 S. W., 711.

Unless an offer made by the owner of the soil to dedicate property

for street uses is accepted by the public authorities within a reasonable time after the offer is made, the dedication is not completed. Monat County v. Denver, 21 Colo., 1; Demartini v. San Francisco., 107 Cal., 402.

Where the defendant's pleadings and evidence raise an issue of title by limitation of ten years, it is error for the court to direct a verdict for another party. Potter v. Wheat, 53 Texas, 401; Fitzgerald v. Hart, 23 S. W., 933.

*Baker, Botts, Parker & Garwood, Wm H. Wilson* and *C. R. Wharton,* for appellees.

PLEASANTS, CHIEF JUSTICE.—This appeal is from a judgment of the District Court of Harris County rendered upon the trial of two suits against appellants, E. Pullman and wife, one brought by the appellee City of Houston, and the other by appellee R. P. Smith, which suits were consolidated and tried as one. The appellee Houston & Texas Central Railway Company intervened and became a party plaintiff. The object of the suit was to recover from appellants, for the use and benefit of the public, certain real property in the city of Houston in possession of the defendants, and claimed by plaintiffs and intervener to be a part of two of the public streets of said city.

The defendants, among other defenses, pleaded limitation of ten years.

The trial judge, after hearing the evidence, instructed the jury to find for plaintiffs and interveners; and upon a return of such verdict judgment was rendered in accordance therewith.

The evidence shows that the property in controversy is a part of Baker and Cedar Streets in the city of Houston, as said streets appear and are marked and designated upon all of the public maps of said city. Some of these maps introduced in evidence appear to be very old, and the undisputed evidence shows that they have been generally recognized for sixty years or more as correct maps of the city of Houston as it was originally laid out. One of them, known as the Girard map, has been of record for more than sixty years. While it is not shown by any direct evidence that said map was recorded by the original owners of the land upon which the city is located, or by their authority, their successors in title have, in numerous deeds, some of which appear in the chain of title of the intervener and the plaintiff Smith, recognized and referred to said map, and sold lots and blocks in said city with reference to the streets shown thereon, including Baker and Cedar Streets. These facts are amply sufficient to sustain the conclusion that, prior to any claim thereto on the part of defendants or those under whom they claim, these streets had been irrevocably dedicated to the public by the then owners of the land on which they were laid out. (Oswald v. Grenet, 22 Texas, 94; City of Corsicana v. Zorn, 97 Texas, 317; Wolf v. Brass, 72 Texas, 133.)

No acceptance by the city was necessary to complete the dedication, and the fact that the portions of the streets now claimed by the defendants abut the bayou, where there is no bridge or other means of

crossing, and therefore that portion of the streets has never been used as a thoroughfare, does not affect the irrevocable character of the dedication. The case of City of Corsicana v. Zorn, *supra,* conclusively settles this question.

Under their plea of limitation defendants introduced witnesses who testified to facts which, if found by the jury to be true, are sufficient to sustain the conclusion that one Lewis Green occupied the premises in controversy for more than ten years prior to 1887, claiming the property as his own. There was also evidence which would sustain a finding that Green, in 1888 or 1889, conveyed the premises to defendant Pullman by a deed which has been lost. The testimony of defendants' witnesses upon these issues is contradictory, and appears to be against the great preponderance of the evidence, but the trial judge was not authorized on this account to take the case from the jury. (Lee v. International & G. N. Ry. Co., 89 Texas, 583; Choate v. San Antonio & A. P. Ry. Co., 90 Texas, 88.)

The fact that the property was the homestead of Green and his wife, and that the wife did not join in the alleged deed to defendant, would not make the deed void. If the husband conveys the homestead by a deed in which the wife does not join, such deed is only void in so far as the homestead rights of the wife are concerned, and the acquisition of another homestead would estop her from asserting any right in the one sold by the husband. (Irion v. Mills, 41 Texas, 310; Wright v. Hays, 34 Texas, 253; Allison v. Shilling, 27 Texas, 450; Cross v. Everts, 28 Texas, 524; Marler v. Handy, 88 Texas, 421.) It follows from this that while the wife, who had not acquired another homestead, or those claiming under her, would be entitled to have such deed set aside, and might recover the property so sold, as against all other persons the husband's deed conveys the title.

We have not deemed it necessary or profitable to discuss in this opinion the several assignments of error contained in appellants' brief in detail. What we have said disposes of all the material questions presented.

The failure of the trial court to submit the issue of limitation requires a reversal of the judgment. If any other error is shown by the record it is not material, and not such as is likely to occur upon another trial.

For the error above indicated the judgment of the court below is reversed and the cause remanded, and it has been so ordered.

*Reversed and remanded.*