### REGINA MENCZER v. R. W. POAGE ET UX.

#### Decided April 24, 1909.

**1.—Dedication—Deed not Necessary—Estoppel.**

To constitute a dedication so as to estop the proprietor and his privies there need not be a formal grant by deed, nor is it necessary that use by public should be continued for so long a time as to raise the presumption of a grant. It is sufficient if there has been some act or declaration upon the part of the owner of the fee indicating unequivocally his purpose to dedicate and the public has used the property for the purpose to which the act or declaration of the proprietor indicates it was his intention to dedicate it.

**2.—Same—Statute of Frauds.**

The statute of frauds has no application to the doctrine of dedication.

**3.—Evidence—Streets and Alleys—Dedication—Parol Evidence.**

As tending to show a dedication of a strip of land for an alley, an instrument in writing executed and delivered by the owner of the fee acknowledging the receipt by him of a certain sum from the adjoining owner in part payment for five feet for an alley between certain streets and reciting a balance due, without describing the strip, was admissible; and parol testimony was also admissible to locate the strip and identify it.

**4.—Streets and Alleys—Dedication.**

Evidence held sufficient to show conclusively that a strip of land had been dedicated to the public for use as an alley.

. Error from the District Court of Dallas County. Tried below before Hon. Thos. F. Nash.

*Wendel Spence,* for plaintiff in error.

*F. D. Cosby,* for defendants in error.

TALBOT, ASSOCIATE JUSTICE.—Defendants in error, R. W. and S. E. Poage, husband and wife, instituted this suit against the plaintiff in error, Mrs. Regina Menczer, to enjoin her from fencing or in any wise obstructing a strip of land five feet wide by fifty feet in length across the northwest end of lot No. 7, in block 551 E of Thomas Addition to the city of Dallas. The petition alleged that in August of 1901 one, James McNab, was the owner of said lot 7, block 551 E; that he, on that date, for a valuable consideration paid by plaintiff, "granted a strip of land five feet wide by fifty feet long across the N. W. end of said lot 7, block E, for the purpose of an alley; that thereafterward McNab enclosed lot No. 7 with a fence, leaving out for the use of plaintiff and the public generally the said strip of land 5 x 50 feet across the N. W. end of said lot; that thereafter McNab sold the tract of land to one Wimmer, and in the deed expressly recognizes said strip 5 x 50 feet off the N. W. end of said lot 7 as an alley, and excepting same from his warranty; that thereafter Wimmer conveyed the property to Mrs. Menczer; that she is about to enclose the said strip 5 x 50 feet and thereby enclose part of said alley and destroy the same for the purpose of an alley and exclude plaintiffs and the public from the use thereof for the purpose for which the same had been dedicated and used; that defendant had obstructed and enclosed a part of said alley excluding plaintiffs and the public from the use of same." They prayed for a writ of injunction restraining defendant from fencing, enclosing or otherwise obstructing the said alley, and for mandatory injunction requiring defendant to remove the obstruction placed by her in said alley.

By trial amendment the plaintiffs amplified the allegations of their original pleading and alleged that the alley or strip of land 5 x 50 feet off the N. W. end of lot 7, block E., mentioned in their original petition had been dedicated to the use of plaintiffs and the public since August 30, 1901, by an instrument in writing executed by McNab for the sum of $10, $2.50 of which was then paid, and $7.50 thereafter; that after the granting of said strip of land by the former owner, McNab, to plaintiffs, the adjoining lot owners on either side left out and open for said alley the balance of the lands needed to make the alley ten feet wide up to and across plaintiffs' lot, and that such alley has from then until now been used by plaintiffs and adjoining lot owners for alley purposes, and has been open as an alley for the general public; that the dedication and granting for alley purposes has been accepted by the city of Dallas "by said city having grading work done in said alley." A preliminary mandatory injunction against defendant was issued, as prayed for by plaintiffs.

The defendant below (now plaintiff in error) answered plaintiffs' pleading and, after general and special demurrers and general denial,

filed special answer as follows: That she is the owner of lot 7, block E, of the Thomas Addition, which is a lot of land fronting fifty feet on Colby Street and extending thence N. W. a depth of one hundred and fifty feet by actual survey; that said lot by these dimensions was conveyed by Miss Mary T. Thomas, one of the heirs of the Thomas estate, to James A. McNab, by deed dated June 4, 1901, and duly recorded; that thereafterward McNab conveyed the lot of land by the same description and calling for the same dimensions to J. E. Wimmer; that by said deed of conveyance the entire lot 7, block E, being a lot 50 x 150 feet, in size, was conveyed to said Wimmer, but that the deed contains this recital: "It is understood, however, that the title to the strip of land 5 x 50 feet off the W. or N. W. end of said lot is not covered by the warranty of this deed, said strip being now used as an alley and same is only quitclaimed to said Wimmer." That thereafter in May, 1906, Wimmer and wife conveyed the same lot 7 by the same dimensions of 50 x 150 feet to this defendant. That defendant paid for said property in cash and took title to same and every part thereof, and thus became the owner of and entitled to said lot of land of size fifty feet front on Colby Street by one hundred and fifty feet in depth. Defendant specially denied that any part of said lot was ever dedicated to the public as an alley, or otherwise, and specially denied that any part of her lot was ever granted or conveyed to plaintiffs, or either of them. She averred non-information and belief that when McNab owned lot 7 in block E that he, at the solicitation of the plaintiff, R. W. Poage, granted to him a license to use a strip of land off the N. W. end of said lot 7, five feet wide by fifty feet long as a passage way from Routh Street to the plaintiffs' lot. She denied that the license so granted to Poage was binding upon her as a subsequent purchaser and owner of lot 7, block E. She averred that according to the map of Thomas' Addition to Dallas, Texas, duly recorded in deed records of Dallas County and as the lots and blocks were actually laid off upon the ground, that no passage way whatever was left by those who laid out the addition between defendant's lot and the lot immediately adjoining her lot on the N. W. She averred that she purchased all of lot 7 of block E in good faith for a valuable consideration, and without any notice whatever that McNab had made any grant to plaintiffs of any part of said lot such as was binding on subsequent purchasers of said lot 7. A jury trial on June 13, 1907, resulted in a verdict, instructed by the court, as follows: "We, the jury, find for the plaintiffs and that the injunction heretofore issued be perpetuated." Judgment was entered in accordance with the verdict and defendant brings the case to this court by writ of error.

The material facts are as follows: Block 551 E of the Thomas Addition, in which the properties of the plaintiffs and the defendant are located, is bounded by Colby Street, Routh Street, Thomas Avenue and Peak Avenue, now Fairmount Avenue. James McNab was the owner of lot 7 in said block in August, 1901. On that day he executed the following written instrument in words and figures as follows: "Dallas, Texas, August 30, 1901. Received of R. W.

Poage $2.50 part payment for 5 feet for alley between Colby Street and Thomas Avenue. Amount still due $7.50. (Signed) Jas. A. McNab." The balance of the purchase money was thereafter paid by Poage. to McNab. When McNab improved lot No. 7, above mentioned, he left for the alley five feet by fifty feet off the N. W. end of the same. He owned the property about two years after he improved it, and the alley was left open all during that time. He conveyed the said lot No. 7 to J. E. Wimmer on July 23, 1904, with this recitation in his deed: "It is understood, however, that the title to the strip of land, five feet by fifty feet off the W. or N. W. end of said lot, is not covered by the warranty of this deed, the said strip being now used as an alley and the same is only quit-claimed to said Wimmer." The strip of land five feet by fifty feet across the W. or N. W. end of said lot 7 has been used as an alley since 1901 and is still used as such alley. The alley has not been opened up through the entire block, but together with the strip in controversy and dedications made by adjoining property owners on either side for said alley, extends a distance of 120 feet from Routh Street and is ten feet wide. Plaintiff in error, Mrs. Regina Menczer, bought said lot 7 in block E from J. E. Wimmer about the 28th day of May, 1906. The passageway or alley was open when she bought; and has been, since its dedication to the public in 1901, a way of ingress and egress to and from the rear of the houses of property owners adjacent thereto, and used for those purposes and conveniences to which an alley is usually and commonly devoted in a city. The alley was graded by the city authorities at McNab's request when he owned the lot. J. E. Wimmer and wife deeded lot No. 7 in block 551 E. of the Thomas Addition to the plaintiff in error, Mrs. Menczer, on May 28, 1906, and she paid therefor the sum of $1,900 cash. When she bought the lot she did not know that McNab had executed and delivered to Poage the written instrument dated August 30, 1901, acknowledging the receipt of $2.50 from Poage in part payment of five feet for alley between Colby Street and Thomas Avenue, and stating therein a balance due therefor of $7.50. This instrument was not placed of record and the deed from Wimmer and wife to Mrs. Menczer describes the lot conveyed to her as "Lot No. 7 in block E of Thomas Addition to the city of Dallas, said lot fronting fifty feet on the northwest line of Colby Street and extending back between parallel lines one hundred and fifty feet more or less."

We shall not quote and discuss in detail the several assignments of error. The principal propositions contended for by the plaintiff in error are, in effect: (1) That the trial court erred in admitting in evidence the written instrument executed and delivered by James A. McNab to R. W. Poage, dated August 30, 1901, acknowledging the receipt by McNab of $2.50 from Poage in part payment for five feet for an alley between Colby Street and Thomas Avenue, and reciting a balance due therefor of $7.50, because said instrument does not describe any particular tract or parcel of land and is insufficient in and of itself to convey any right, title or interest to the plaintiffs or either of them in respect to the strip of land in controversy or to affect in any way the title to said land; that it requires

words of grant to create an easement or permanent interest in realty; that said instrument is wholly insufficient to satisfy the requirement of the statute of this State which declares that no estate of inheritance or free-hold in lands shall be conveyed unless the conveyance be declared by an instrument in writing, subscribed and delivered by the party disposing of the same; that under the statute of frauds the memorandum of the sale of land must be so reasonably definite and certain within itself or by other writing referred to that the contract can be made out as to the parties, consideration and subject matter without resort to parol evidence; (2) that the trial court erred in permitting the witnesses Poage and McNab to testify that said written instrument or memorandum was intended to designate the strip of land five feet wide off of the northwest end of lot 7, in block 551 E of Thomas' Addition to the city of Dallas, and that the amounts of money specified in said instrument had been paid, because the failure to describe the land in said contract or memorandum of sale so that it can be identified, can not be cured by parol evidence showing what land was in contemplation of the parties in making the contract; (3) that there is no evidence that the strip of land in question was ever dedicated to the public as a passage way.

Article 624, Revised Statutes of this State, provides that "No estate of inheritance or free-hold, or for a term of more than one year in lands and tenements, shall be conveyed from one to another, unless the conveyance be declared by an instrument in writing, subscribed and delivered by the party disposing of the same, etc." Under this statute it is held by our Supreme Court that a permanent right to hold another's land for a particular purpose is an important interest, and that whether such right be denominated an easement or a license if it be equivalent to an estate in the land, it can not be conveyed except by writing. (Parsons v. Hunt, 98 Texas, 420.) It is also true that, in order to satisfy the statute of frauds the memorandum of an agreement for the sale of land must "be so reasonably definite and certain within itself or by other writing referred to that the contract can be made out as to parties, consideration and subject matter without resort to parol evidence." (Johnson v. Granger, 51 Texas, 42.) But we do not regard these as the governing principles in the case at bar. We are of the opinion that the question involved is one of dedication *vel non* and that the evidence objected to was clearly admissible. In the early case of Oswald v. Grenet, 22 Texas, 94, it is said: "Respecting what will amount to or may be received as evidence of a dedication, the law is too well settled to admit of controversy. A setting apart or dedication to a public use to be effectual need not be by deed; nor need it be evidenced by the use of it having been continued for any particular time. . . . If the act of dedication be unequivocal, it may take place immediately. If there be no such act, it may be evidenced by an uninterrupted use; and that need not be for any particular time." It is further said that, "A dedication has been defined to be the act of devoting or giving property for some proper object, and in such manner as to conclude the owner." In Wolf v. Brass, 72

Texas, 133, the same doctrine is announced in the following language: "To constitute a dedication so as to estop the proprietor and his privies there need not be a formal grant by deed, nor is it necessary that use by the public should be continued for so long a time as to raise the presumption of a grant. It is sufficient if there has been some act or declaration upon the part of the owner of the fee indicating unequivocally his purpose to dedicate, and the public has used the property for the purpose to which the act or declaration of the proprietor indicates it was his intention to dedicate it." The written instrument, to the introduction of which the defendant objected in this case, was admissible as tending to show that the intention of James A. McNab, who was then the owner of the strip of land in controversy, was to appropriate said strip of land to the use of the public as an alley. The fact that McNab received a consideration from Poage for so appropriating said land does not destroy or seriously impair the force of said instrument as evidence of a dedication of it to the use of the public. It is clear from the evidence as a whole that it was neither the purpose of McNab to convey the strip of land to Poage for his private and individual uses, nor of Poage to acquire it for such purposes. On the contrary, we think it was shown beyond controversy that it was the intention of both that said land should be set apart as an alley for public use. This being true, no writing whatever was necessary to accomplish the object in view, as the statute of frauds has no application to the doctrine of dedication. All that is necessary to the validity of a dedication is the assent and intent of the owner of the land to appropriate it to public use, and any act or acts clearly manifesting an intent to dedicate is sufficient. There was therefore no error in admitting the said written instrument in evidence, nor in allowing parol testimony to locate said strip of land and identify it as that referred to in said instrument. If correct in the foregoing views, the fact of dedication was conclusively established by the evidence, and the court correctly instructed a verdict for the plaintiffs. The judgment of the court below is affirmed.

*Affirmed.*