## SANTA FÉ TOWN–SITE CO. et al. v. PARKER et al. (No. 204.)

(Court of Civil Appeals of Texas. Beaumont. April 4, 1917. Rehearing Denied May 2, 1917.)

1. DEDICATION ⬥⟿44 — EVIDENCE — SUFFICIENCY.

In an action to restrain county officers from expending money on a road alleged not to be a public highway, evidence *held* sufficient to show dedication of land for a public road making expenditure lawful.

[Ed. Note.—For other cases, see Dedication, Cent. Dig. §§ 85–87.]

2. DEDICATION ⬥⟿16(1) — HIGHWAY—ESTOPPEL OF OWNER.

To constitute dedication of land for a highway so as to estop owner, there need be no formal grant or continued public use long enough to raise presumption of a grant; any act or declaration by owner showing a present, fixed purpose to dedicate, coupled with use by public in conformity with purpose of owner, being sufficient.

[Ed. Note.—For other cases, see Dedication, Cent. Dig. §§ 15, 17, 19.]

⬥⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Hardin County; J. Llewellyn, Judge.

Action by the Santa Fé Town-Site Company and others against W. S. Parker and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Oliver J. Todd and W. G. Reeves, both of Beaumont, for appellants. V. A. Collins, of Beaumont, for appellees.

DAVIS, J. This is an action brought by appellants by their petition filed November 24, 1916, against appellees, who are officers of Hardin county, to enjoin the expenditure of county funds upon that portion of a road in Hardin county lying between Silsbee and Woodrow. The road runs from the depot in Silsbee through Woodrow, about a mile distant, to Village Creek, about three miles, where it divides into two roads, one leading to Beaumont and the other to Kountze. The injunction is sought upon the ground that the road in question in not a public highway, and the expenditure of county funds thereon by the officers would be unlawful. The defense was that the road was of such character as to justify the proper officers of the county in the expenditure of county funds thereon. There was a temporary restraining order granted by the district judge of Hardin county in chambers on November 23, 1916, and the cause was set for hearing at a subsequent day, and came on later to be heard by the court in chambers on December 13, 1916, when the parties appeared and a hearing was had, and judgment rendered denying the injunction, and providing that the restraining order be continued in force pending an appeal. The appeal was properly perfected.

It appears from the record that prior to 1906 a road ran across the property of appellant Santa Fé Town-Site Company in approximately the place the road is now located. On September 26, 1916, in cause No. 1473, styled "Santa Fé Town-Site Company v. Jos. Busby et al.," in the district court of Hardin county, judgment was rendered by agreement, reciting that all parties, plaintiff and defendants, appeared in open court, and announced that they had agreed upon a judgment to be entered, and in accordance with such agreement the court entered judgment in part in this language:

"The injunction heretofore issued in this cause against all of the defendants is hereby dissolved, set aside, and held for naught. There shall be opened for and dedicated to the public use as an open public highway of the first class, with all the easements, rights, and uses incidental or pertaining to such road, a road 60 feet in width, beginning at the east end of Booker street, on the east line of the South Silsbee town-site and extending thence in a direct line as nearly as practicable, without moving houses or removing other immovable obstacles, to the crossing of the now existing public road, which crosses and at a point where it crosses the main line of the Santa Fé Railroad, immediately west of the depot at the station of Silsbee. Said road and highway to be by the plaintiff open, clear of obstacles for the free and convenient passage of vehicles and pedestrians, and all necessary bridges or crossings to be built over any intervening water course, ditches, creeks, or other natural but not impassable, obstructions, all of which is to be done at the expense of the plaintiff, and to be done immediately, and the public generally, and especially the defendants in this suit and the residents in the South Silsbee town site and all abutting owners of property along said road, are hereby invested with the right of way, easements and uses usually incident to a public highway of the first class."

Subsequent to the rendition of the judgment in the Busby case, and on April 28, 1908, in cause No. 1611, styled "W. J. Norvell v. Santa Fé Town-Site Company," the district court of Hardin county rendered judgment upon a jury trial in part as follows:

"The Santa Fé Town-Site Company is hereby ordered to open up and dedicate to the public use as an open and public highway of the first class with all easements, rights, and uses incidental or appertaining to such road, a road 60 feet in width" (describing its location, etc., as in the Busby judgment).

On the rendition of the Norvell judgment the appellant Santa Fé Town-Site Company laid out the road in controversy herein as now located, and, when so laid out, the commissioners' court of Hardin county had the same graded and appointed overseers on it, and appointed hands to work it. Continuously after the road was laid out in accordance with the order of the court in the Norvell case it was under the supervision and control of the proper officers of Hardin county, and treated as a properly dedicated road of the first class. The county spent some $5,000 in grading the road in 1910, and put in a steel bridge with concrete foundation at a cost of about $1,000. This was done with the knowledge and consent of the appellant town-site company, and the road was continuously used as a first-class road by the public generally.

Some time prior to the institution of this suit a petition was presented to the commissioners' court of Hardin county by the appellant Seibert, who was cashier and collector of appellant town-site company, asking that the road in controversy be closed. This petition was signed by a number of persons, including appellant Seibert and James L. Kirby, who was in charge of the appellant town-site company's property in Silsbee. At the time of the institution of this suit the officers of Hardin county were further improving the road by expending funds on the road by grading, draining, and hard-surfacing same with shell.

Appellant contends that the judgment in the Busby suit is void; that it is but an agreement of counsel attempting to bind their client to make a future dedication of the road, and not a dedication thereof; that, neither the public, nor its officers being parties to the judgment, no public right could be affected thereby; that all jurisdiction to lay out a public road is vested in the com-

missioners' court; that the act of the attorneys of the Santa Fé Town-Site Company agreeing in a void judgment that their client would lay out and dedicate a public road was void for the want of authority in such attorneys; and that, even though there was a valid dedication of the road, same could have been and was retracted by the donor before actual acceptance of the property by the public, and such dedication was withdrawn, as shown by the refusal of the town-site company to make such dedication of the property until forced to do so by the judgment in the Norvell case.

[1, 2] The view we take of the case renders a discussion at length of appellants' contentions unnecessary. We believe the dedication of the road is well established by the facts recited. To constitute a dedication, so as to estop the owner, it is not necessary there should be a formal grant by deed, nor is it necessary, that there should be continued use by the public long enough to raise the presumption of a grant. Any act or declaration on the part of the owner showing a present, fixed purpose to dedicate, coupled with the use by the public in conformity with the purpose of the owner, is sufficient. Wolf v. Brass, 72 Tex. 135, 12 S. W. 159; Menczer v. Poage, 55 Tex. Civ. App. 415, 118 S. W. 865; Martinez v. City of Dallas, 102 Tex. 54, 109 S. W. 289, 113 S. W. 1167; Bellar v. City of Beaumont, 55 S. W. 411; Smith v. Allen, 40 S. W. 205; Field v. Mark, 125 Mo. 502, 28 S. W. 1004; Moose v. Carson, 104 N. C. 431, 10 S. E. 689, 7 L. R. A. 548, 17 Am. St. Rep. 681; Conrad v. Land Company, 126 N. C. 776, 36 S. E. 282; Hughes v. Clark, 134 N. C. 457, 46 S. E. 956, 47 S. E. 462; Pullman v. City of Houston, 59 Tex. Civ. App. 48, 125 S. W. 69; City of Corsicana v. Zorn, 97 Tex. 317, 78 S. W. 924.

We do not consider the judgment in the Busby suit as showing an unauthorized agreement of settlement made by counsel for the Santa Fé Town-Site Company. On the contrary, the judgment recites, "All parties, plaintiff and defendants, appeared in open court," and "The parties plaintiff and defendant thereupon announced to the court that they had agreed upon the following judgment to be entered in this cause." This language of the judgment is not susceptible of the construction that the attorneys representing the Town-Site Company made the settlement or entered into any agreement whatever. No pleadings in either the Busby suit or the Norvell suit were before the court in this case, and no proof as to the issues of the parties to those suits was made, except as reflected by the judgments themselves. That being true, the statement, that the judgment in the Busby suit is based on an agreement of counsel, without their authority, would be to collaterally impeach that judgment, which is unauthorized. We will presume the court acted within its jurisdiction in rendering the judgment rendered by it in the Busby suit. Nor do we think the Busby judgment void because the court invaded the exclusive jurisdiction of the commissioners' court in laying out a public road. We do not read that judgment as attempting to lay out a public road. Its effect is to give judicial sanction to a settlement between the parties, of a controversy between them, of which it had unquestioned jurisdiction, and, having acquired jurisdiction of the parties and the subject-matter, such jurisdiction was retained for all purposes.

The judgment in the Busby Case does plainly show an agreement and obligation on the part of appellant Santa Fé Town-Site Company to lay out and dedicate the road as a first-class road. It was laid out by the town-site company in compliance with that agreement, whether in obedience to the judgment in the Norvell case or not. After being surveyed and located by the town-site company, Hardin county, through its proper officers, took charge of same, drained, hard-surfaced, and improved same as a duly dedicated public road of the first class, and it was continuously used as such by the public, and all within the knowledge of and without complaint from appellants. This, we think, amounted to a dedication of the property, and the judgment of the trial court denying the injunction was right, and should be affirmed; and it is so ordered.

Affirmed.