SANTA FÉ TOWN-SITE CO. et al. v. NOR-
VELL.    (No. 295.)

(Court of Civil Appeals of Texas.   Beaumont.
Dec. 13, 1918.)

1. HIGHWAYS ⬩159(2) — RESTRAINING OB-
STRUCTION—DECREE.

Judgment establishing plaintiff's right to the
use of particular roadway *held* not objectiona-
ble as decreeing title to the land.

2. DEDICATION ⬩16(1) — ROADWAY — JUDG-
MENTS—ACTS OF PUBLIC OFFICIALS.

Where road had long been used as public
roadway, a judgment sanctioning agreement
that road be opened up and dedicated as a pub-
lic road, in connection with another judgment
ordering road to be opened and an obstruction
removed and the acts of the parties to the
judgment, owners of land upon which right of
way was located and public officials treating
road as public highway, constituted a dedica-
tion to public use.

3. DEDICATION ⬩16(1) — PUBLIC ROAD —
JUDGMENT BY AGREEMENT.

District court's judgment giving legal sanc-
tion to agreement of parties, whereby road long
used as public road was opened up and dedi-
cated as a public road, was not invalid as an
infringement upon exclusive rights of commis-
sioners' court to lay out public road.

4. HIGHWAYS ⬩153—OBSTRUCTION OF PUB-
LIC HIGHWAY.

The obstruction of a public highway is a
nuisance.

5. HIGHWAYS ⬩155—INJUNCTION—OBSTRUC-
TION.

The right of a private party to restrain the
obstruction of a public highway is dependent
upon sustaining some special injury different
in kind from that sustained by the public.

6. HIGHWAYS ⬩155 — OBSTRUCTION—RIGHT
TO ENJOIN—SPECIAL INJURY.

Owner of land materially affected in value
by obstruction of public highway has the right
to restrain such obstruction, having sustained
a special injury different from that sustained
by general public.

7. HIGHWAYS ⬩76, 153—RIGHTS IN PUBLIC
HIGHWAY — AUTHORITY OF COMMISSIONERS'
COURT.

A road never located by a jury of view
may be ordered closed without notice or hear-
ing, but where a landowner's rights were not
confined to general rights of public, but had
been established by a judgment long prior to
litigation, commissioners' court could not waive
such rights for him nor authorize closing or
obstructing of roadway without his consent.

Appeal from District Court, Hardin Coun-
ty; L. B. Hightower, Sr., Judge.

Action by W. J. Norvell against the Santa
Fé Town-Site Company, J. L. Seibert, and
others.   Judgment for plaintiff, and defend-
ants named appeal.   Affirmed.

⬩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Oliver J. Todd and W. G. Reeves, both of
Beaumont, for appellants.
V. A. Collins, of Beaumont, for appellee.

BROOKE, J.   This action was brought in
the district court of Hardin county by the
appellee against the Santa Fé Town-Site
Company, J. L. Seibert, J. G. Reeves, and
Sam Littlepage, to enjoin the obstruction of
an alleged public road between Silsbee and
Woodrow, in Hardin county.   There was a
judgment in appellee's favor establishing
the right of appellee to an easement in the
roadway in question 60 feet in width, and
enjoining the appellants from interfering
with the rights of appellee, and commanding
the said Seibert to remove from said road-
way, for the full space of 50 feet, the fence
constructed by him across the same, and
from this judgment the Santa Fé Town-Site
Company and J. L. Seibert have appealed.

This case was once before in this court
upon appeal from an order granting a tem-
porary injunction (Santa Fé Town-Site Co.
v. Norvell, 187 S. W. 978), and the character
of the road in question and other facts in-
volved in this appeal were subsequently be-
fore this court (Santa Fé Town-Site Co. v.
Parker, 194 S. W. 487), and from the said
cases a full report of the facts therein can
be found.

[1] It is contended by the appellants that
the judgment of the trial court is funda-
mentally erroneous, in that it decrees the
title to the disputed strip of ground, when
no such relief is asked in the petition.   The
judgment of the trial court, as we read it,
only establishes the right of the appellee in
and to the use of the particular roadway,
and, when so read, we do not think that it is
subject to the objection that it decrees title
to the tract of land.   In other words, the
judgment to enforce the right of appellee to
the free and unobstructed use of the road
could legally and would naturally establish
in him the right to that use, and, although
the judgment in this case may not use the
most expressive language, still this is in-
tended, and is clearly to be found from the
language used, and in our judgment does
not attempt to decree title in any respect.

Appellants contend that the trial court
erred in holding that the road in question
was a public road.   We dealt with this ques-
tion, as applied to the road under considera-
tion, in the case of Santa Fé Town-Site Com-
pany v. Parker, supra, and there concluded
that all the facts established a dedication of
the road, and we still adhere to that con-
clusion.   The judgment in the Norvell Case,
as we read it, did not attempt to lay out a
public highway, but simply ordered the open-
ing up of the road for public use, which road,
before the rendition of that judgment, had
its existence as a public road, and the subse-

quent act of the parties, as well as the officers of Hardin county, in dealing with the road so opened, amounted to a dedication of the road as the public highway.

[2, 3] Appellants also complain of the trial court in holding that the judgment in the case of Busby v. Santa Fé Town-Site Co. was a valid judgment, and the effect was to lay out a public road. The facts of this judgment are fully recited in the case of Santa Fé Town-Site Co. v. Parker, supra, and in our opinion there is no error in the judgment of the trial court in its holding with reference to this judgment. We see nothing in the judgment to render it invalid, and we do not read that judgment as laying out a public road in the sense or manner that it would be infringing upon the exclusive powers of another tribunal. The judgment was one by agreement, and simply gave legal sanction to the agreement of the parties thereto that a certain road would be opened up and dedicated as a public road. Its location was agreed upon, and all this in line with the conditions, made at the time, that a road was already located at this point, and established by long-continued use. We do not read the judgment in the case of Santa Fé Town-Site Co. v. Norvell as having the effect of laying out or creating a public road; but as said in the case of Santa Fé Town-Site Co. v. Parker, supra, we believe that all of these judgments together, in connection with the acts of the parties to the judgment, as well as the owners of the land upon which the road's right of way is located, and the officers of Hardin county, constituted and became in law a dedication of the road to public use.

[4-6] Appellant complains of the holding of the trial court that appellee was authorized to maintain this action on behalf of the public generally for the changing of the public road, on the theory that such action could only be maintained by public officers of Hardin county. The obstruction of a public highway is a nuisance, and the right of a private party to restrain such nuisance is dependent upon sustaining some special injury different in kind from that sustained by the public; but in this case it is apparent from the evidence that appellee, Norvell, owned the property materially affected in its value by the obstructions to this particular road different from the public generally, and his rights in the premises could not, in our opinion, be classed as the general right of the public. It appears from the record that the commissioners' court of Hardin county passed an order permitting the appellant J. L. Seibert to change the course of the roadway, so that the same would run around and not across the lots owned by him, and subsequently revoked this order, and it is contended that the commissioners' court could authorize the abandoning of the road without notice, and that its revoking its order abandoning the road was void, in that it could not reopen the road without taking proper steps to do so.

[7] A road which has never been located by a jury of view may be ordered closed by a commissioners' court, or abandoned by it without notice or hearing; but in this case the rights of appellee, Norvell, are not confined to the general rights of the public in the road in question, but his rights have been established long prior to this litigation by the judgment of the district court of Hardin county, and that right could not be waived or abandoned for him and without his consent by the commissioners' court of Hardin county, and, so far as his rights are concerned, the commissioners' court of that county did not have the power to authorize or permit as against him the closing or obstructing of the road in question.

We have carefully examined all assignments of error, and believe that they show no reversible error in the judgment of the trial court, and said judgment is therefore in all things affirmed.

HIGHTOWER, Jr., C. J., did not sit in this case.