Bill STRONG, Appellant,

v.

CITY OF GRAND PRAIRIE,
Texas, Appellee.

No. 2–84–075–CV.

Court of Appeals of Texas,
Fort Worth.

Nov. 7, 1984.

Paul Leech, Grand Prairie, for appellant.

R. Clayton Hutchins, City Atty., Grand Prairie, for appellee.

Before TENDER, C.J., and HUGHES and JORDAN, JJ.

## OPINION

JORDAN, Justice.

Appellant Strong, the owner of Lots 12 and 13, Block A, Grand Prairie Estates Addition to the City of Grand Prairie, sought a specific use permit for use of these two lots as a cemetery. The City Council denied the zoning change request because it did not receive a three-fourths favorable vote, the vote having been four to three in favor of the change. Strong then filed suit seeking injunctive relief and a declaratory judgment permitting him to use the property as a cemetery. This relief was denied by the trial court.

The appeal is on two points of error. We overrule both and affirm the judgment.

■ The case was submitted to the trial court on stipulated facts which are not included in the record on appeal. The trial court, however, did file findings of fact and conclusions of law and on appeal, these findings of fact are conclusive and we are bound to presume that there was sufficient evidence to support the findings and the judgment based thereon. *Mays v. Pierce*, 154 Tex. 487, 281 S.W.2d 79, 82 (1955); *Catlett v. Catlett*, 630 S.W.2d 478, 482 (Tex.App.—Fort Worth 1982, writ ref'd n.r. e.).

■ Cities have power to zone property within their limits under TEX.REV.CIV. STAT.ANN. art. 1011a (Vernon Supp.1984). The basic purpose in all restrictive zoning ordinances is to prevent one property owner from committing his property to a use which would be unduly imposed on adjoining landowners in the use and enjoyment of their property. *Wallace v. Daniel*, 409 S.W.2d 184, 189 (Tex.Civ.App.—Tyler 1966, writ ref'd n.r.e.). Zoning regulations may be changed, supplemented or repealed, but in case of a *written protest* against such change, signed by the owners of 20% or more either of the area of the lots or land included in such proposed change, or of the lots or land immediately adjoining the same and extending 200 feet therefrom, such amendment or change shall not be effective

except by the favorable vote of three-fourths of all members of the legislative body of such municipality. TEX.REV.CIV. STAT.ANN. art. 1011e (Vernon Supp.1984). The City Council of Grand Prairie and the trial court both concluded that there were legally sufficient protests to Strong's requested zoning change to require a three-fourths vote of the City Council to approve the request.

■ In his first point of error Strong takes the untenable position that because the objecting property owners, in their written petition opposing his zoning change application, described themselves as "property owners within two hundred feet of *Lots 11 and 12*," *instead of 12 and 13*, in Block A, the petition was legally insufficient and should not have been considered by the court. We reject this theory for two reasons: (1) in the second paragraph of the petition the requested zoning change for *lots 12 and 13*, Block A, is correctly referred to; and (2) the signed petition lists the names of the protesting owners, their street addresses, and the legal description of their respective properties. There is no question that the objecting property owners were objecting to the rezoning of Lots 12 and 13, Block A, and were within the area described in art. 1011e for protesting zoning changes. The trial court so found in its finding of fact number four.

■ In his first point of error, Strong also complains of the admission of a letter from a property owner, Ruby Solomon, asking that her name be added to the list of objecting property owners because, he says, her letter does not mention or otherwise identify any particular petition. The letter from Solomon, however, does clearly state her opposition to the rezoning of Lots 12 and 13, Block A, for cemetery use. This objection is frivolous. Point of error number one is overruled.

Strong next contends, in his second point of error, that the trial court incorrectly interpreted TEX.REV.CIV.STAT.ANN. art. 1011e. This contention is based on the trial court's exclusion of streets in determining the base area from which the required 20% protest area of art. 1011e is calculated. Strong insists that the area of streets should have been included in the trial court's formula for determining if the required 20% of the specified property owners had signed the protest petition. He then argues that if the street area had been included that the number of property owners who signed the petition would have been less than the necessary 20%.

■ The only support for appellant's figures and calculation of the 20% of the landowners is found in a paper attached as "Exhibit C" in his brief, which purports to be from the testimony of an expert witness at the trial. It is obvious that this is not evidence which would support a judgment in his favor. Moreover, even assuming that his figures as to the 20% of the property owners of the area including streets were supported by evidence, we would still reject his argument under this point of error.

TEX.REV.CIV.STAT.ANN. art. 1011e provides that if 20% or more of the owners *either* of the lots or land included in the proposed zoning change area, or of the lots or land immediately adjoining the proposed change area and extending 200 feet therefrom, protest in writing, that a three-fourths favorable vote of the governing body is required before any zoning change can be effected. It is perceived that this statute creates two classes or categories of protests against zoning changes by adjoining property owners: (1) by the owners of 20% or more of the lots or land within the proposed zoning change area itself; and, (2) by the owners of 20% or more of the lots or land immediately adjoining such area and extending 200 feet therefrom.

By its findings of fact the trial court found that 20% or more of the owners of both lots *and* land within 200 feet of Lots 12 and 13, Block A, had signed the written protests. As there was no statement of facts filed with this appeal, we are, as previously stated, required to accept these findings of fact. The trial court was only required, under art. 1011e, to find that

either 20% of the owners of lots *or* land were among those protesting. The trial court also concluded as a matter of law that under art. 1011e those who are entitled to sign zoning change protests are the same as those entitled to notice by art. 1011f. Article 1011f requires written notice of all public hearings on proposed zoning changes before the city's zoning commission to owners "of real property lying within 200 feet of the property on which the change in classification is proposed ... as the ownership appears on the last approved city tax roll." TEX.REV.CIV. STAT.ANN. art. 1011f (Vernon Supp.1984). The trial court, also as a matter of law, concluded that in determining the base area (or denominator) in which the protest area (or numerator) is 20%, the area of streets is excluded.

■■■■■ We hold that both of these conclusions of law are correct, and that a reading of arts. 1011e and 1011f together, reveals that the intent of the legislature was to permit written protests of proposed zoning changes by the owners of "real property" lying within 200 feet of the property on which the zoning change is proposed, which ownership is to be determined from the last approved city tax roll.

Since street right-of-way is not included on the tax rolls, the area of the streets was properly excluded.

Strong's second point of error is overruled.

The judgment is affirmed.