

# THE ATTORNEY GENERAL
## OF TEXAS

April 13, 1987

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Gibson D. (Gib) Lewis
Speaker
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No. JM-676

Re: Whether a public street or alley owned in fee simple may be used in computing 20 percent of land area for purposes of article 1011e, V.T.C.S.

Dear Speaker Lewis:

As Speaker of the Texas House of Representatives, you request an opinion concerning article 1011e(a), V.T.C.S., which provides in pertinent part the following:

> (a) [Zoning] regulations, restrictions, and boundaries may from time to time be amended, supplemented, changed, modified, or repealed. In case, however, of a written protest against such change, signed by the owners of 20 per cent or more either of the area of the lots or land included in such proposed change, or of the lots or land immediately adjoining the same and extending 200 feet therefrom, such amendment shall not become effective except by the favorable vote of three-fourths of all members of the legislative body of such municipality. <u>In computing the percentage of land area, the area of streets and alleys shall be included in the computation.</u> (Emphasis added).

V.T.C.S. art. 1011e(a). Specifically, you ask:

> In determining under article 1011e[a] whether a protest has been signed by the owners of 20 percent or more of the area of the lots or land included in the proposed zoning change, is a protesting owner allowed to count, toward the 20 percent, the land in the area of the proposed change that the owner owns in fee simple but that is used as a public street or alley under an easement granted to the municipality?

Our answer is "yes."

Article 1011e sets forth the procedure for amending or changing zoning ordinances by a city's legislature. Subsection (a) of article 1011e provides that if "owners of 20 percent or more either of the area of the lots or land included in such proposed change, or of the lots or land immediately adjoining the same and extending 200 feet therefrom" protest in writing, a three-fourths favorable vote of the city legislature is required before any zoning change can be effected. Notably, House Bill No. 1686 of the Sixty-ninth Legislature (herein-after "the amendment" or "House Bill No. 1687") amended article 1011e(a) by adding the following stipulation:

> In computing the percentage of land area, the area
> of streets and alleys shall be included in the
> computation. (Emphasis added).

Acts 1985, 69th Leg., ch. 201, §1, at 789. The word "shall" is generally construed to be mandatory. Green v. County Attorney of Anderson County, 592 S.W.2d 69, 73 (Tex. Civ. App. - Tyler 1979, no writ); Attorney General Opinion JM-561 (1986) at 4. In this manner, the legislature adopted mandatory language which explicitly requires including the area of streets and alleys when computing the percentage of land owned by persons who protest a zoning change.

The legislative history of the amendment reveals that House Bill No. 1686 was prompted by the opinion rendered in Strong v. City of Grand Prairie, 679 S.W.2d 767 (Tex. Civ. App. - Fort Worth 1984, no writ). In Grand Prairie, the court concluded that, when written protests are filed in response to a zoning change,

> in determining the base area (or denominator)
> in which the protest area (or numerator) is
> 20 percent, the area of streets is excluded.
> (Emphasis added).

Id. at 770. The legislature responded to this decision by enacting the amendment requiring the inclusion of streets and alleys in the article 1011e(a) computation.

Based upon the plain meaning of the amendment and its legislative history, the legislature clearly intended article 1011e(a) to require that streets and alleys be included in computing either the area of lots or land included in the zoning change area, or the area of lots or land adjoining the proposed change area and extending 200 feet therefrom. See Anderson v. Penix, 161 S.W.2d 455, 459 (Tex. 1942) (words of a statute are the best evidence of legislative intent); City of Irving v. Dallas County Flood Control District, 377 S.W.2d 215, 219 (Tex. Civ. App. - Tyler), rev'd on other grounds, 383 S.W.2d 571 (Tex.

1964) (to determine legislative intent "it is proper to consider the history of the subject matter involved, the end to be obtained, the mischief to be remedied and the purpose to be accomplished"). The remaining issue is whether streets and alleys privately owned in fee simple, but dedicated to the city as public easements, constitute "streets and alleys" to be included in computing land area held by protesting land owners pursuant to article 1011e(a).

As a preliminary matter, incorporated cities or towns have statutory authority to open, manage, and maintain streets and alleys. See, e.g., V.T.C.S. art. 1016. Typically, a street refers to a public thoroughfare in a city or town. Refugio v. Strauch, 29 S.W.2d 1041, 1043, jdmt. adopted (Tex. Comm'n App. 1930). A public alley is defined as generally narrower than a street, but nonetheless governed by the same legal principles applied to streets. Quanah Acme & P. Railway Co. v. Swearingen, 4 S.W.2d 136, 139 (Tex. Civ. App. - Amarillo 1927, writ ref'd).

Generally, a person owning land abutting a street or alley which has been dedicated to the public by plat, conveyance, or prescription holds the fee title to the center of the street or alley. Fort Worth v. Southwest Magazine, 358 S.W.2d 139, 141 (Tex. Civ. App. - Fort Worth 1962, writ ref'd n.r.e.), cert. denied, 372 U.S. 914 (1963); see also 22 I. Singer, Municipal Law and Practice §681 (Texas Practice 1976). The fee title is, however, subject to a public easement. See City of Mission v. Popplewell, 294 S.W.2d 712, 715 (Tex. 1956). Because streets and alleys are frequently privately owned in this manner, it is reasonable to conclude that the legislature intended to include streets and alleys that are privately owned in fee simple but that are dedicated to the city as public easements within the general term "streets and alleys" in section (a) of article 1011e. See also Johnson v. Township of Montville, 109 N.J. Super. 511, 264 A.2d 75, 78 (N.J. 1970). Furthermore, testimony before the House Committee on Urban Affairs indicates that the purpose of the requirement is that streets and alleys be included in the computation to simplify the computation. That purpose would not be served if article 1011e were to differentiate between streets and alleys owned by a city in fee simple and privately owned streets and alleys. See Hearing and Testimony on H.B. No. 1686, before the House Committee on Urban Affairs, 69th Leg., public hearing (March 20, 1985) (tape recording available from House Hearing Reporter). Thus, streets and alleys held as public easements and privately owned in fee simple constitute "streets and alleys" to be included in computing the land area held by protesting land owners for purposes of article 1011e(a).

## S U M M A R Y

Pursuant to section (a) of article 1011e, V.T.C.S., streets and alleys held in fee simple by

protesting land owners and dedicated for use as public easements are to be included in computing the percentage of land area owned by the protestors.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jeff Millstone
Assistant Attorney General