

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

September 21, 1992

Honorable Ron Lewis
Chairman
Natural Resources Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-167

Re: Whether the State of Texas may participate in protesting zoning changes, and related questions (RQ-404)

Dear Representative Lewis:

You have asked us to interpret certain provisions of the Local Government Code regarding zoning regulations and zoning protests. You express particular interest in sections 211.006 and 211.013, and in their interrelation.

Chapter 211 of the Local Government Code empowers municipalities to regulate the height, number of stories, and size of buildings and other structures; the percentage of lots they may occupy; the size of yards, courts, and open spaces; population density; and the location and use of buildings, other structures and land for business, industrial, residential, or other purposes. Local Gov't Code § 211.003(a). It further empowers them to regulate the construction, reconstruction, alteration or razing of buildings or other structures in designated places and areas of historical, cultural or artistic significance. *Id.* § 211.003(b). Home rule cities may also regulate the bulk of buildings. *Id.* § 211.003(c).

Sections 211.006 and 211.007 of the Local Government Code provide the procedure for the adoption of zoning regulations. They require notice and a hearing before the adoption of zoning regulations or district boundaries. Under section 211.007(c), the zoning commission must provide written notice to each owner of real property within 200 feet of property on which a change of zoning classification is proposed. Section 211.006(d) outlines the procedure for protesting a zoning change:

> If a proposed change to a regulation or boundary is protested in accordance with this subsection, the proposed change must receive, in order to take effect, the affirmative vote of at least three-fourths of all members of the governing body.

> The protest must be written and signed by the owners of at least 20 percent of either:
>
>> (1) the area of the lots or land covered by the proposed change; or
>>
>> (2) the area of the lots or land immediately adjoining the area covered by the proposed change and extending 200 feet from that area.

It is section 211.006(d)(2) which you have asked us to interpret. You first ask us whether "if a significant portion of the adjoining land is bordered by a highway, ... is that area included when computing the percentage of land area under Subsection (d)?"

We believe that this question is answered by section 211.006(e), and by a prior opinion of this office, Attorney General Opinion JM-1014 (1989). As Attorney General Opinion JM-1014 points out, section 211.006(e) of the Local Government Code was passed by the 69th Legislature in response to the appellate court decision in *Strong v. City of Grand Prairie*, 679 S.W.2d 767 (Tex. App.--Fort Worth 1984, no writ). The *Strong* court held that

> the intent of the legislature was to permit written protests of proposed zoning changes by the owners of "real property" lying within 200 feet of the property on which the zoning change is proposed, which ownership is to be determined from the last approved city tax roll.
>
> Since street right-of-way is not included on the tax rolls, the area of the streets was properly excluded.

679 S.W.2d at 770.

The legislature directly overruled *Strong* with respect to streets by adopting section 211.006(e): "In computing the percentage of land area, the area of streets and alleys shall be included in the computation." Acts 1985, 69th Leg., ch. 201, § 1, at 788, 789. Attorney General Opinion JM-1014 therefore concluded that the statute "authorizes the owners of streets and alleys in the protest area, including cities, to sign the zoning protest." Attorney General Opinion JM-1014 at 6. We believe that the Texas Department of Transportation, as an owner of real property

in its right-of-way[1], may be included in the owners of 20 percent of the adjoining area required for the protest by section 211.006(d)(2) of the Local Government Code.[2]

Your next question is "[w]ho has the authority to sign the protest [in behalf of the Department of Transportation]?" The decision to participate in the zoning protest would, we believe, have to be made by the Texas Transportation Commission. V.T.C.S. art. 6665. Having made that decision in accordance with law, the commission could then delegate the wholly ministerial act of signing a petition to any person it chose.

You have further asked, both with respect to the Department of Transportation and with respect to land owned by the Resolution Trust Corporation (R.T.C.), whether the conflicts clause of the zoning statute, section 211.013 of the Local Government Code, affects the question of the department's or the R.T.C.'s right to be included in the zoning protest. You note that under section 211.013, "land under the control, administration, or jurisdiction of a state or federal agency" is exempted from the provisions of subchapter A of chapter 211, and ask whether this means that land owned by the R.T.C. or the department of Transportation is exempted from the provisions of section 211.006(d)(2).[3]

We conclude that section 211.013 does not exempt land owned by state or federal agencies from the 20 percent of the area of lots or land immediately adjoining the affected area whose owners may join in the protest contemplated by section 211.006(d)(2). The purpose of section 211.013 is to codify the principle that municipal zoning regulations have only limited power to affect land owned by state or federal agencies, cf. *Austin Indep. Sch. Dist. v. City of Sunset Valley*, 502 S.W.2d 670 (Tex. 1973). The section does not abrogate the rights of state or federal agencies as property owners to participate in zoning protests. Section 211.013 does

---

[1]We address here only the narrow question of notice to the Department of Transportation as an owner of a property interest. We do not consider the requirements of notice of others who may have an interest in the property.

[2]We have also been informed by the Department of Transportation that the department is routinely given notice, as a property owner, of proposed zoning changes by local authorities. This suggests that such authorities read sections 211.006 and 211.007 in the same way.

[3]For the sake of this question, we assume without deciding that the R.T.C. is a federal agency, since otherwise section 211.013 would be inapplicable.

not grant any power to the zoning authorities or impose any burden on property, but rather protects the interests of property owners -- including state and federal agencies.

## S U M M A R Y

The Texas Department of Transportation, as an owner of real property in its right-of-way, may if it so chooses be included among the owners of 20 percent of immediately adjoining property protesting a zoning change under Local Government Code section 211.006(d)(2). Any such decision must be made by the Texas Transportation Commission. The commission may delegate the purely ministerial act of signing the petition to any person it chooses. Local Government Code section 211.013 does not abrogate the rights of state or federal agencies to participate in zoning protests.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by James Tourtelott
Assistant Attorney General