Affirmed and Opinion filed November 13, 2008








 

Affirmed
and Opinion filed November 13, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-01042-CV

____________

 

TENASKA FRONTIER PARTNERS, LTD., Appellant

 

v.

 

BILL SULLIVAN, IN
HIS OFFICIAL CAPACITY AS TAX COLLECTOR

FOR GRIMES COUNTY,
ANDERSON-SHIRO CONSOLIDATED INDEPENDENT

SCHOOL DISTRICT
and GRIMES COUNTY, Appellees

 

 



 

On Appeal from the
278th District Court

Grimes County,
Texas

Trial Court Cause
No. 30475

 



 

O P I N I
O N

After
the ad valorem tax payment owed by Tenaska Frontier Partners, Ltd.,
was returned as undeliverable for insufficient postage, appellee Bill SullivanCin his capacity as Grimes County tax
collectorCmarked Tenaska=s payment as delinquent and assessed $159,158.66 in penalties
and interest.  The trial court upheld the assessment by summary judgment, and
Tenaska appealed.  We affirm.








BACKGROUND

Tenaska
owns real property in Grimes County that is subject to ad valorem
taxation.  On January 30, 2006, Tenaska attempted to pay its 2005 taxes by
mailing a check in the amount of $2,273,695.59 in an envelope properly
addressed to the Grimes County Appraisal District (AGCAD@), and bearing a 39-cent first-class
stamp.  Because of the weight of the parcel, however, the correct amount of
postage owed was 63 cents.  Accordingly, on February 4 the envelope was
returned to Tenaska, marked as undeliverable because of the 24-cent postage
deficiency.  On February 7, Tenaska re-sent its payment, which the appraisal
district received on February 8th.  Because a preceding year=s tax payments must be made on or
before February 1 of the following year,[1]
Sullivan posted this February 7 payment as delinquent and assessed $159,158.66
in penalties and interest.[2]  Under
protest, Tenaska paid the additional assessment and applied for a tax refund.[3] 
Sullivan denied the refund application, and Tenaska filed suit against Sullivan,
Grimes County, and Anderson-Shiro Independent School District.

The
parties filed cross-motions for summary judgment.  On November 9, 2007, the
trial court denied Tenaska=s summary judgment motion, and granted the appellees= motion.  This appeal followed. 
Tenaska now asks us to hold that a tax payment mailed with insufficient postage
is nonetheless timely under section 1.08 of the Tax Code.  We decline this
invitation, and affirm the trial court=s judgment.

 

 








                                                       STANDARD
OF REVIEW

Summary
judgments are reviewed de novo.  Valence Operating Co. v. Dorsett, 164
S.W.3d 656, 661 (Tex. 2005).  When reviewing a summary judgment, we take as
true all evidence favorable to the nonmovant, and indulge every reasonable
inference and resolve any doubt in the nonmovant=s favor.  Id.  When, as here,
both sides move for summary judgment and the trial court grants one motion and
denies the other, we will review all summary-judgment evidence and determine
all questions presented.  See id.  If we find that the trial court
erred, we will render the judgment that the trial court should have rendered.  Id.
 Here, the trial court did not state its specific grounds for granting Sullivan=s summary judgment.  We may therefore
affirm the trial court=s ruling if any of the theories presented in the motion for
summary judgment are meritorious.  See FM Props. Operating Co. v. City of
Austin, 22 S.W.3d 868, 872B73 (Tex. 2000).

                                  TIMELINESS
OF TENASKA=S TAX PAYMENTS

The Tax
Code provides that a party may mail a tax payment, and that such payment is
considered timely if:

(1)       it is sent by regular first-class mail, properly addressed
with postage prepaid; and

(2)       it bears a post office cancellation mark of a date earlier
than or on the specified due date and within the specified period or the
property owner furnishes satisfactory proof that it was deposited in the mail
on or before the specified due date and within the specified period.

 

Tex. Tax Code Ann. ' 1.08 (Vernon 2008).  The use of the
word Aand@ indicates that a taxpayer must
comply with both subsections (1) and (2) for its mailed payment to be
timely.  See In re Brookshire Grocery Co., 250 S.W.3d 66, 69B70 (Tex. 2008) (orig. proceeding); City
of Lubbock v. Adams, 149 S.W.3d 820, 827 (Tex. App.CAmarillo 2004, pet. denied).  We must
determine, then, whether either of Tenaska=s payments complied with section
1.08.








The
February 7 payment was sent by UPS, not first-class mail, and did not bear a
post office cancellation mark dated on or before February 1, the due date for
Tenaska=s tax payment.  The February 7
payment, then, was not timely under section 1.08.  See id.; see also
Tex. Workers= Comp. Comm=n v. Hartford Accident & Indem.
Co., 952 S.W.2d 949,
952B53 (Tex. App.CCorpus Christi 1997, pet. denied)
(holding that service by private courier is not equivalent to first-class
mail).  The real focus of the parties= disagreement is the timeliness of
the January 30 payment.

Viewed
in the light most favorable to Tenaska, the envelope containing the January 30
payment bore a post office cancellation mark of January 30, 2006, and therefore
satisfied section 1.08(2).[4]  See Tex.
Tax Code Ann. ' 1.08(2).  The first payment also appears to have been properly
addressed,[5] and was
affixed with a first-class stamp.  The crux of this dispute, then, is whether
insufficient postage constitutes Apostage prepaid@ under section 1.08(1).  We hold that
it does not.

The
construction of a statute is a question of law that we review de novo.  State
v. Shumake, 199 S.W.3d 279, 284 (Tex. 2006).  In construing a statute, our
primary objective is to determine and give effect to the Legislature=s intent.  Tex. Dep=t of Transp. v. Needham, 82 S.W.3d 314, 318 (Tex. 2002).  We
begin by looking at the statute=s plain and common meaning, because the presumption is that
the Legislature intended the plain meaning of its words.  Nat=l Liab. & Fire Ins. Co. v. Allen, 15 S.W.3d 525, 527 (Tex. 2000).  If
possible, then, we must ascertain the legislative intent from the statute=s language, and without reference to
extraneous matters for an intent the Legislature did not state.  See id.








Although
the term Apostage prepaid@ appears in at least forty-five Texas statutes, the
Legislature has blessed neither Apostage@ nor Apostage prepaid@ with a statutory definition.  When
the Legislature fails to define a word or term, courts will apply its ordinary
meaning.  See Monsanto Co. v. Cornerstones Mun. Util. Dist., 865 S.W.2d
937, 939 (Tex. 1993).  When applying the ordinary meaning, courts may not by
implication enlarge the meaning of any word beyond its ordinary meaning.  Id. 
In determining the ordinary meaning of an undefined term, Texas courts have
consulted the term=s common-law usage, interpretation when used in other
statutes, and definitions in secondary sources.  See, e.g., id. at 938B40 (common-law usage); Little v.
State, 246 S.W.3d 391, 400B01 (Tex. App.CAmarillo 2008, no pet.) (common-law usage and construction in
other statutes); Williamson Pointe Venture v. City of Austin, 912 S.W.2d
340, 344 (Tex. App.CAustin 1995, no writ) (Webster=s Third New International
Dictionary); Aviles v. Aguirre, No. 13-06-00495-CV, 2008 WL 384228, at
*3 (Tex. App.BCorpus Christi Feb. 14, 2008, pet. filed) (mem. op.) (Black=s Law Dictionary).

Tenaska
suggests that Apostage@ is defined as Athe charge for mailing an item,@ and Athe stamps, labels, or printing
placed on an item to be mailed as evidence of payment of this charge.@  The
American Heritage Dictionary of the English Language 1068 (4th ed.
2000).  Similarly, Black=s Law Dictionary defines Apostage@ as the Acharges for postal service.@  Black=s Law Dictionary 1166 (6th ed. 1990).  APrepay,@ not surprisingly, means Ato pay or pay for beforehand.@  American
Heritage Dictionary, at 2074.

The
undisputed summary-judgment evidence shows that the charge for the U.S. Postal
Service to mail Tenaska=s January 30 tax payment was 63 cents.  Tenaska did not
prepay this charge, and, so, the postal service refused to deliver the parcel. 
APostage prepaid,@ by its plain meaning, requires full
payment of the postal charges.  Because its payment was not sent with Apostage prepaid,@ Tenaska=s January 30 payment did not comply
with section 1.08(1).








This
conclusion comports with the common-law treatment of mailings sent with
insufficient postage.  See Wesco Distrib., Inc. v. Westport Group, Inc.,
150 S.W.3d 553, 561 (Tex. App.CAustin 2004, no pet.) (A[I]nsufficient postage meant
ineffective notice.@); see also, e.g., Ex parte Bates, 65 S.W.3d 133, 135
(Tex. App.CAmarillo 2001, no pet.) (refusing to apply Amailbox rule@ absent proof of sufficient postage);
Arnold v. Shuck, 24 S.W.3d 470, 472B73 (Tex. App.CTexarkana 2000, pet. denied) (Amailbox rule@ not satisfied when party failed to
demonstrate that proper postage was affixed); Harris County Appraisal Dist.
v. Dincans, 882 S.W.2d 75, 79 (Tex. App.CHouston [14th Dist.] 1994, writ
denied) (A[I]t is important to have the appraisal district prove that sufficient
postage was placed on the envelope containing the notice[.]@).  Other jurisdictions have also
interpreted the term Apostage prepaid@ as requiring full postage.[6]

Tenaska
contends, however, that we should liberally construe a punitive taxing statute
in the taxpayer=s favor, citing Bullock v. Statistical Tabulating Corp. 
549 S.W.2d 166, 169 (Tex. 1977).  Bullock provides that ambiguities in a
taxing statute must be construed liberally in the favor of the taxpayer.  See
id.  However, an unambiguous statute should be construed according to the
language as written, using the literal text.  See Alex Sheshunoff Mgmt.
Servs., L.P. v. Johnson, 209 S.W.3d 644, 651B52 (Tex. 2006).  We will resort to
external sources of construction only when a statute is ambiguous.[7] 
Id. at n.4.








Tenaska
does not argue that the term Apostage prepaid@ is ambiguous; to the contrary,
Tenaska exhorts us to adopt the ordinary meaning of the term.  Because section
1.08 is unambiguous, we do not consider rules of construction.  See
Fitzgerald v. Advanced Spine Fixation Sys., Inc., 996 S.W.2d 864, 865B66 (Tex. 1999); St. Luke=s Episcopal Hosp. v. Agbor, 952 S.W.2d 503, 505 (Tex. 1997).

Even
were we to construe section 1.08 liberally, a liberal construction does not
permit us to do violence to the statutory language.  Wesco, 150 S.W.3d
at 557.  Tenaska would have us read section 1.08(1) as permitting a tax payment
to be timely if Ait is sent by regular first-class mail, properly addressed
with [some] postage prepaid.@  But we must presume that every word
excluded from a statute (such as Asome@ qualifying Apostage prepaid@) was excluded for a purpose.  Laidlaw
Waste Sys. (Dallas), Inc. v. City of Wilmer, 904 S.W.2d 656, 659 (Tex.
1995).  Accordingly, we may not add words to a statute unless necessary to
effectuate a clear legislative intent.  See Wesco, 150 S.W.3d at 557
(citing Jones v. Liberty Mut. Ins. Co., 745 S.W.2d 901, 902 (Tex.
1988)).  We are not aware of a clear legislative intent to except section 1.08
from the general rule that insufficient postage does not constitute Apostage prepaid.@  Indeed, we presume the Legislature
knows how courts have interpreted the words it uses.  See Phillips v. Beaber,
995 S.W.2d 655, 658 (Tex. 1999); Beatty v. Holmes, 233 S.W.3d 475, 488
(Tex. App.CHouston [14th Dist.] 2007, pet. filed).

We must
also presume that the Legislature intended a reasonable result.  See Wesco,
150 S.W.3d at 557.  We must consider the consequences of possible
constructions, because we should not interpret a statute in a way that would
lead to foolish or absurd results.  See id.  We believe that construing
section 1.08 to consider undeliverable mail as Atimely@ would produce absurd consequences. 
Notwithstanding the U.S. Postal Service=s justifiable refusal to deliver such
a parcel, a tax payment that would never, and could never, arrive at the
appraisal district because it bore inadequate postage would nonetheless be
consideredCunder Tenaska=s proposed interpretationCa timely and effective payment of
taxes owed.  See Wesco, 150 S.W.3d at 558.  We cannot embrace an
interpretation that would allow an appraisal district to impose taxes,
but yet be unable to collect them.








Tenaska
denies an improper motive to avoid paying taxes, and undoubtedly correctly
asserts that its attachment of deficient postage was an Aunintentional error.@  However, it is up to the
Legislature, not this court, to change the plain meaning of the Tax Code.  See
Polaris Inv. Mgmt. Corp. v. Abascal, 892 S.W.2d 860, 862 (Tex. 1995) (orig.
proceeding).  We overrule Tenaska=s first issue.

Tenaska
raises a second issue contending that, because the additional assessment was
erroneously imposed, it was entitled to a refund under section 31.11 of the Tax
Code.  Because of our resolution of Tenaska=s first issue, we need not reach this
second issue.

                                                                CONCLUSION

Accordingly,
we affirm the summary-judgment orders of the trial court.

 

 

 

/s/      Jeff Brown

Justice

 

 

Judgment Rendered and Opinion filed
November 13, 2008.

Panel consists of Chief Justices
Hedges, and Justices Brown and Boyce.









            [1]Tex. Tax Code Ann.
' 31.02(a) (Vernon 2008).





            [2]See id. ' 33.01.





            [3]See id. ' 31.11.





            [4]Tenaska also
produced undisputed testimony that its payment was deposited in the mail on
January 30.  See Tex. Tax Code Ann. '
1.08(2).





            [5]Although the
address on the envelope is obscured by a AReturn
to Sender@ sticker, Tenaska=s
payment check is addressed to GCAD at the same address listed in the initial
tax statements.





            [6]See First Nat=l Bank v. Miller, 120 N.W. 820, 821 (Wis. 1909); see also Gold Standard Enters.,
Inc. v. United Investors Mgmt. Co., 538 N.E.2d 636, 638 (Ill. App. Ct.
1989) (finding that a party who affixed insufficient postage did not Aprepay the postage@); Comer
v. Gohil, 664 N.E.2d 389, 392 (Ind. Ct. App. 1996) (same).





            [7]That a term like Apostage prepaid@
may be undefined does not render it ambiguous.  See, e.g., Smithwick v.
State, 762 S.W.2d 232, 234 & n.1 (Tex. App.BAustin 1988, pet. ref=d) (citing Ahearn v. State, 588 S.W.2d 327, 338 (Tex. Crim. App.
1979)).