

KEN PAXTON
ATTORNEY GENERAL OF TEXAS

August 29, 2025

The Honorable Donna Campbell, M.D.
Chair, Senate Committee on Nominations
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

**Opinion No. KP-0498**

Re: Zoning procedures, notification requirements, and eligibility for protests under Chapter 211 of the Local Government Code (RQ-0577-KP)

Dear Senator Campbell:

You ask three questions regarding municipal zoning procedures set out in Texas Local Government Code sections 211.006 and 211.007.[1] First, you ask if "property owners within 200 feet of the proposed zoning change—whether within or outside city limits—are entitled to notification" of the change "regardless of their presence on municipal tax rolls." Request Letter at 1. Second, you ask whether property owners within a "designated radius," regardless of whether they are listed on the municipal tax roll, "have the right to protest" a proposed zoning change. *Id.* Third, you ask about "the standard procedural requirements for verifying eligibility for notification and protest, as well as the role of external (*e.g.*, county-level) records in ensuring accurate notifications." *Id.*

**The process to reclassify property generally involves a municipality's zoning commission and governing body.**

"Zoning regulation is a recognized tool of community planning, allowing a municipality, in the exercise of its legislative discretion, to restrict the use of private property," *City of Brookside Vill. v. Comeau*, 633 S.W.2d 790, 792 (Tex. 1982), in a manner that conforms to a comprehensive plan, *see Williamson Pointe Venture v. City of Austin*, 912 S.W.2d 340, 342 (Tex. App.—Austin 1995, no writ) (per curiam); TEX. LOC. GOV'T CODE § 211.004 (requiring zoning regulations be adopted in accordance with a comprehensive plan). Chapter 211, subchapter A, of the Local Government Code sets forth the "General Zoning Regulations" applicable to municipalities. TEX. LOC. GOV'T CODE §§ 211.001–.020. Pursuant to those provisions, the process to reclassify

---

[1] *See* Letter and Attachment from Hon. Donna Campbell, M.D., Chair, S. Comm. on Nominations, to Hon. Ken Paxton, Tex. Att'y Gen. at 1–2 (Jan. 24, 2025), https://www.texasattorneygeneral.gov/sites/default/files/request-files/request/2025/RQ0577KP.pdf ("Request Letter" and "Attachment," respectively).

property generally involves the municipality's zoning commission and governing body. *See id.* §§ 211.006–.007; *Williamson Pointe Venture*, 912 S.W.2d at 342.

We understand that your questions arise from a proposed zoning classification change in a home-rule municipality in which the governing body does not meet jointly with the zoning commission, and we limit this opinion accordingly.[2] *See* Attachment at 1–2 (relating to a City of San Antonio zoning commission case involving a property owner's request to change the property's zoning classification from commercial to multi-family); *see also Milberger Landscaping, Inc. v. City of San Antonio*, No. 08-23-00283-CV, 2024 WL 5099206, at *10 (Tex. App.—El Paso Dec. 12, 2024, pet. filed) (mem. op.) (stating San Antonio is a home-rule municipality). On this backdrop, we turn to your first question, which we understand to relate to the part of the reclassification process involving the zoning commission.

**Landowners are only entitled to written notice of a hearing before the zoning commission regarding a proposed classification change if the most recently approved municipal tax roll indicates they own the property.**

"In a home-rule city, a zoning commission must recommend zoning districts and zoning regulations to the city's governing body."[3] *City of Austin*, 651 S.W.3d at 478; *see also* TEX. LOC. GOV'T CODE § 211.007(a). The zoning commission must "make a preliminary report and hold at least one public hearing" regarding a proposed zoning change. TEX. LOC. GOV'T CODE § 211.007(b). "A municipality is required to give written notice of each public hearing before the zoning commission on a proposed change in a zoning classification." *City of Dallas v. E. Vill. Ass'n*, 480 S.W.3d 37, 41 (Tex. App.—Dallas 2015, pet. denied); *see also* TEX. LOC. GOV'T CODE § 211.007(c). The notice is "sent to each owner, as indicated by the most recently approved municipal tax roll, of real property within 200 feet of the property on which the change in classification is proposed." TEX. LOC. GOV'T CODE § 211.007(c); *see also City of McKinney v. OH Skyline/380, L.P.*, 375 S.W.3d 580, 584 (Tex. App.—Dallas 2012, no pet.) (holding this requirement applies to the owner of property subject to the proposed change). If the property within 200 feet of the property on which the change is proposed is located in territory annexed to the municipality and is not included on the most recently approved municipal tax roll, the notice shall be given by publication in a newspaper. TEX. LOC. GOV'T CODE §§ 211.006(a), .007(c).

Your first question appears to concern a landowner's right to individual written notice of a public hearing pursuant to subsection 211.007(c). Request Letter at 1. Subsection 211.007(c) defines the scope of those to whom written notice is owed before a classification change is made. *City of McKinney*, 375 S.W.3d at 583. By its terms, the subsection requires that written notice "be sent to any person or entity that the current tax roll indicates is the owner of real property located

---

[2] *See* Letter from Andrew Segovia, City Att'y, City of San Antonio, to Joshua C. Fiveson, Chair, Op. Comm. at 1–2 (Feb. 28, 2025) (on file with the Op. Comm.) (describing advertising and notifications for hearings held separately before the zoning commission and city council) ("City Letter").

[3] "A reference in . . . subchapter [A] to the adoption of a zoning regulation or a zoning district boundary includes the amendment, repeal, or other change of a regulation or boundary." TEX. LOC. GOV'T CODE § 211.002. One court explains that case law generally treats the terms zoning regulations or district boundaries as "synonymous" with "changes in zoning classification." *City of Austin v. Acuna*, 651 S.W.3d 474, 479 (Tex. App.—Houston [14th Dist.] 2022, no pet.).

within 200 feet of property on which the 'change in classification' is proposed." *Id.* The right to notice is therefore "established by the tax rolls" and "[t]he test for one who deserves individual notice is its ownership of real property." *Id.* at 584; *see also* TEX. TAX CODE § 26.09(e) (providing "[t]he appraisal roll with amounts of tax entered as approved by the governing body constitutes the" municipality's tax roll). Thus, in regard to your first question, owners of real property located within 200 feet of a proposed change in classification are entitled to individual written notice of the hearing before the zoning commission only if the most recently approved municipal tax roll indicates they own the property.[4]

> **A landowner likely does not have to be listed on the most recently approved municipal tax roll to count toward the protest calculation regarding a proposed classification change before the governing body.**

Your second question relates to the part of the reclassification process involving the governmental body. *See* Request Letter at 1. Upon receipt of a final report from the zoning commission, TEX. LOC. GOV'T CODE § 211.007(b), the governing body sets a hearing date to consider a zoning reclassification and publishes "notice of the time and place of the hearing . . . in an official newspaper or a newspaper of general circulation in the municipality," *id.* § 211.006(a).[5] At the hearing, all "parties in interest and citizens have an opportunity to be heard." *Id.* An affirmative vote of at least three-fourths of all members of the governing body is required to adopt the proposed change if validly protested by "owners of at least 20 percent of either: (1) the area of the lots or land covered by the proposed change; or (2) the area of the lots or land immediately adjoining the area covered by the proposed change and extending 200 feet from that area." *Id.* § 211.006(d) (noting that the protest "must be written and signed").

We understand your second question to ask whether a landowner must be listed on the approved municipal tax roll to qualify as an owner who counts toward the protest calculation under subsection 211.006(d). Request Letter at 1. Our goal is to ascertain and give effect to the Legislature's intent as expressed by the words of the subsection, *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008), "read[ing] the statute contextually, giving effect to every word, clause, and sentence," *Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 562 (Tex. 2014) (quoting *In re Off. of Att'y Gen.*, 422 S.W.3d 623, 629 (Tex. 2013)). We presume "the Legislature included words that it intended to include and omitted words it intended to omit." *Pub. Util. Comm'n of Tex. v. Luminant Energy Co. LLC*, 691 S.W.3d 448, 461 (Tex. 2024) (quoting *Union Carbide Corp. v. Synatzske*, 438 S.W.3d 39, 52 (Tex. 2014)).

---

[4] That an owner may not receive individual written notice does not, however, mean the owner receives no notification of a proposed zoning classification change because individual notice "is in addition to the general public notice and opportunity to be heard provided in section 211.006(a)." *FLCT, Ltd. v. City of Frisco*, 493 S.W.3d 238, 264 (Tex. App.—Fort Worth 2016, pet. denied); *see also* City Letter at 2 (stating that even though an owner may not be "mailed a direct notice from the City, they still receive notice through the publication process . . . and may voice their opposition to the Zoning Commission and City Council through the public hearing process").

[5] In addition to notice provided under section 211.006(a), the governing body of a home-rule municipality "may, by a two-thirds vote, prescribe the type of notice to be given of the time and place of the public hearing." TEX. LOC. GOV'T CODE § 211.006(c).

Subsection 211.006(d) does not, by its terms, require that an owner appear on the most recently approved municipal tax roll. TEX. LOC. GOV'T CODE § 211.006(d)(2). And the term "owner" as used in subchapter A is not always confined to those on the tax roll. *Id.* § 211.007(c) (instructing how to serve notice on owners not on the approved tax roll but whose property is "within 200 feet of the property on which the change is proposed" and annexed to the municipality). Consistent with a plain reading of the subsection, a landowner does not have to be listed on the approved municipal tax roll to qualify as an owner under subsection 211.006(d). This reading is likewise confirmed by statutory history, which reveals that protest rights predate the statute's limitation of the term "owner" to those on the approved tax roll in other contexts. *See* Act of March 14, 1927, 40th Leg., R.S., ch. 283, § 1, 1927 Tex. Gen. Laws 424, 425; *see also City of Austin*, 651 S.W.3d at 484 n.11 (noting that protest rights predate the right to written notice of proposed changes in classification under subsection 211.007(c) by more than twenty years). Nor does subsection 211.006(d) refer to the same class of people described in subsection 211.007(c). *Compare* TEX. LOC. GOV'T CODE § 211.006(d)(2) (referring to owners of "the area of the lots or land *immediately adjoining the area* covered by the proposed change *and extending 200 feet from that area*" (emphases added)), *with id.* § 211.007(c) (referring to owners on the tax roll with "real property within 200 feet of the property on which the change in classification is proposed"); *see also City of Austin*, 651 S.W.3d at 484 (rejecting the city's argument "that protest rights are co-extensive with the right to written notice").

To be sure, the court in *Strong v. City of Grand Prairie* held that "the intent of the legislature was to permit written protests of proposed zoning changes by the owners of 'real property' lying within 200 feet of the property on which the zoning change is proposed, *which ownership is to be determined from the last approved city tax roll*." 679 S.W.2d 767, 770 (Tex. App.—Fort Worth 1984, no writ) (emphasis added) (construing subsection 211.006(d)(2)'s predecessor statute). But more recent guidance counsels in favor of the statute's plain text. *See City of Austin,* 651 S.W.3d at 484. As such, were the Texas Supreme Court to consider the issue, it would likely conclude that the protest criteria under subsection 211.006(d) is ownership within the qualifying geographical areas—regardless of the municipal tax roll.[6]

**Other than use of the tax roll to identify an owner entitled to written notice of a hearing before the zoning commission, subsections 211.006(d) and 211.007(c) neither direct nor prohibit the use of external records or a specific method or course of action to verify an owner.**

Your final question asks about "standard procedural requirements for verifying [owner] eligibility for" notice under subsection 211.007(c) and to protest under subsection 211.006(d) "as

---

[6] A previous opinion concluded "only those who own real property within the specified geographic limits and whose ownership is indicated on the most recently approved city tax roll" are eligible to protest under subsection 211.006(d)(2). Tex. Att'y Gen. Op. No. GA-0630 (2008) at 3. But this conclusion was based on the fact that, at the time, *Strong* was the only precedent on point. *Id.* at 4 (explaining we were advising about our understanding of the current state of the law). The intervening decision in *City of Austin* construes section 211.006 differently, 651 S.W.3d at 484, and compels us to revisit the statutory text's plain language. House Bill 24, effective September 1, 2025, changes the protest procedures as described in this opinion, but does not change our conclusion. *See* Act of May 31, 2025, 89th Leg., R.S., ch. 909, § 3, 2025 Tex. Sess. Law Serv. __, __ (to be codified at TEX. LOC. GOV'T CODE § 211.0061).

well as the role of external (e.g., county-level) records in ensuring accurate notifications." Request Letter at 1. As previously explained, *supra* p. 3, an owner's right to written notice under subsection 211.007(c) is established by the most recently approved municipal tax roll. TEX. LOC. GOV'T CODE § 211.007(c). The statute neither directs nor prohibits the use of other external records or a specific method or course of action to verify an owner described in subsection 211.007(c). *Id.* § 211.007(c). Likewise, subsection 211.006(d) neither directs nor prohibits the use of any particular external record, method, or course of action to verify an owner described in that subsection. *Id.* § 211.006(d). Instead, this type of detail is often found in local zoning ordinances, subject to judicial review for abuse of discretion. *See, e.g.*, *City of Dallas v. Homan*, No. 05-20-01111-CV, 2022 WL 969631, at *4−5 (Tex. App.—Dallas Mar. 31, 2022, no pet.) (mem. op.); *see also, e.g.*, *Powell v. City of Houston*, 628 S.W.3d 838, 842 (Tex. 2021) (explaining that "[c]ity ordinances are 'presumed to be valid,' and courts 'have no authority to interfere unless the ordinance is unreasonable and arbitrary—a clear abuse of discretion'" (citation omitted)). Thus, one generally looks to an individual municipality's local regulations to determine whether any external records, or particular methods or courses of action are used to verify an owner.

**S U M M A R Y**

The owner of real property within 200 feet of a proposed change in zoning classification is entitled to written notice of a hearing before the zoning commission if the owner is indicated as such on the most recently approved municipal tax roll.

The plain text of the Local Government Code does not require that an owner be listed on the most recently approved municipal tax roll to count toward the protest calculation regarding a proposed classification change before the governing body.

Other than use of the municipal tax roll to identify an owner entitled to written notice of a hearing before the zoning commission, Local Government Code subsections 211.006(d) and 211.007(c) neither direct nor prohibit the use of external records or a specific method or course of action to verify an owner.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

JOSHUA C. FIVESON
Chair, Opinion Committee

CHRISTY DRAKE-ADAMS
Assistant Attorney General, Opinion Committee